IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00932-BNB

IVAN JONES,

    Plaintiff,

v.

KATHERINE FORDE,
AARON WHITE, and
DEPARTMENT OF CORRECTIONS/DIVISION OF ADULT PAROLE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 7 2008

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Ivan Jones, appears to be on parole and homeless. He filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (2006), 42 U.S.C. § 1985 (2003), 28 U.S.C. § 1331 (2006), and 28 U.S.C. § 1343(a)(3) (1993), alleging that Defendants violated his rights under the United States Constitution. He asks for money damages.

The Court must construe the amended complaint liberally because Mr. Jones is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress &*

*Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Jones will be directed to file a second amended complaint.

The Court has done its best to summarize Plaintiff's allegations. Mr. Jones asserts that he suffers from bipolar disorder, which is treated with Lithium and Prozac. He contends that on December 20, 2006, he was released from the Colorado Department of Corrections (DOC). He also contends that at that time there was a warrant pending against him for a traffic fine in Adams County. He alleges that on multiple occasions after his release from the DOC, Defendant Katherine Forde, a parole officer, directed him to take care of the Adams County traffic warrant, and that he continued to inform her he was without adequate transportation to do so. He further alleges that on January 10, 2007, following one of these interactions with Ms. Forde, Defendant Aaron White, also a parole officer, subjected him to excessive force, that he suffered injuries, and that the police were called.

Plaintiff asserts that he was charged with resisting arrest in **People v. Jones**, Denver County Court Case No. 07M00603, and that he remained confined at the Denver County Jail until May 24, 2007. He alleges that on April 18, 2007, the charges were dismissed and that on April 26, 2007, following a parole hearing, he was found guilty of not keeping a mental-health appointment, his parole was revoked, and he was returned to a community corrections facility until September 4, 2007. As previously stated, he currently appears to be on parole and homeless, although he fails to make clear his custody and residential status. Mr. Jones asserts constitutional violations on the basis of these allegations.

Mr. Jones' amended complaint suffers from various deficiencies. Mr. Jones is suing improper defendants. He may not sue the DOC or its Division of Adult Parole. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Mr. Jones must allege exactly in each claim what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Jones must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her

supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Jones may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Jones uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The second amended complaint Mr. Jones will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The allegations in the nine claims of Mr. Jones' complaint often are repetitive. He fails to allege any facts that would support a claim pursuant to 42 U.S.C. § 1985, and it is not clear that each of his claims makes factual allegations that support a constitutional violation. For example, claim nine fails to assert facts that rise to the level of constitutional violation. Merely making conclusory allegations that his constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. **Ketchum v. Cruz**, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

In order for Mr. Jones "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Jones file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Jones, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

5

FURTHER ORDERED that, if Mr. Jones fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED June 17, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00932-BNB

Ivan Jones
Prisoner No. 88926
PO Box 0112
Aurora, CO 80040-0112

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 6/17/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk