IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00932-REB-MJW

IVAN JONES,

Plaintiff,

v.

K. FORDE and
AARON WHITE,

Defendants.

---

**ORDER REGARDING
(1) PLAINTIFF'S MOTION FOR RECONSIDERATION OF PRIOR MOTION FOR
COURT APPOINTED COUNSEL (Docket Nos. 47 and 48)
and
(2) PLAINTIFF'S MOTION TO SEAL RECORD (Docket No. 46)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

Plaintiff moves for this court to reconsider its ruling on his prior motion for court

appointed counsel (Docket Nos. 47 and 48) and for this court to seal a doctor's

statement he has submitted with his motion for reconsideration (Docket No. 46).

Appointment of counsel for an indigent inmate under 28 U.S.C. § 1915(d) is within the

sound discretion of the court.  See Bee v. Utah State Prison, 823 F.2d 397, 399 (10th

Cir. 1987).  When deciding whether to appoint counsel "the district court should

consider a variety of factors, including the merits of the litigant's claims, the nature of

the factual issues raised in the claims, the litigant's ability to present his claims, and the

complexity of the legal issues raised by the claims."  Long v. Shillinger, 927 F.2d 525,

2

527 (10th Cir. 1991).

Upon review of the above factors, the court file, and the new information provided under seal by the plaintiff, the court finds that appointment of counsel would be appropriate in this case.  Therefore, the court shall direct the Clerk of the Court to make a good faith effort to try to secure pro bono legal counsel for the plaintiff.  The court, however, advises the plaintiff that the granting of his request for appointed counsel does not necessarily mean that an attorney will in fact appear on his behalf in this case.  The court will not force or require an attorney to represent the plaintiff.  Rather, this Order merely gives the attorneys on the *pro bono* panel notice that this case might be appropriate for *pro bono* representation and gives them an opportunity to volunteer their time to assist the plaintiff.  Since this Order does not guarantee that a *pro bono* attorney will ultimately appear for the plaintiff, the court further advises the plaintiff that ***unless and until an attorney agrees to represent him and enters an appearance on his behalf, he remains personally responsible to comply with the court's Orders and deadlines and to take all other actions necessary to continue to pursue this case***.  Moreover, because of the possibility that no attorney might volunteer, the court will not consider the fact that *pro bono* counsel has yet to appear to be good cause to extend any deadlines or continue any scheduled matters.

It is thus hereby **ORDERED** that Plaintiff's Motion Reconsideration of Prior Motion for Court Appointed Counsel (Docket Nos. 47 and 48) is granted to the extent that the Clerk of the Court is directed to make a good faith effort to try to secure pro bono counsel for the plaintiff.  It is further

3

**ORDERED** that the plaintiff's Motion to Seal Record (Docket No. 46) is granted,

and thus Docket No. 47 shall remain sealed until further order of the court.


Dated: June 25, 2009                    s/Michael J. Watanabe
      Denver, Colorado                    Michael J. Watanabe
                                   United States Magistrate Judge